IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETTY BYRD, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-09-3685 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is a suit to recover insurance proceeds and damages under the Texas Insurance Code, §§ 541.060 and 541.061. The defendant, Scottsdale Insurance Company, timely removed and filed a verified plea in abatement. (Docket Entry No. 4). Scottsdale argues that the plaintiff violated the Texas Insurance Code requirement that a plaintiff seeking damages under the statute must give the defendant prior written notice of the complaint and the amount of damages sought, including fees, "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. Scottsdale asked this court to abate the suit until the 61st day after the plaintiff provides the statutory written notice of her claims under the statute. No response has been filed.

Section 541.154(a) of the Texas Insurance Code states that [a] person seeking damages in an action against another person under this chapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice must advise the other person of "the specific complaint" and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b). There is an exception to this requirement if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from

expiring . . ." TEX. INS. CODE § 541.154(c)(1). Finally, § 541.155 provides that a person who does not receive presuit notice may file a plea in abatement. "The court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154." TEX. INS. CODE § 541.155(a), (b).

The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).[1] The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer. TEX. INS. CODE § 541.156; *see also In Re Behr*, 2006 Tex. App. LEXIS 1588 at *7 (Tex. App. San Antonio Mar. 1 2006) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156-.159 of the Insurance Code"). If a plaintiff fails to comply with the notice requirement, "abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal." *Id*. The Supreme Court of Texas has held that "if a plaintiff files an action for damages . . . without first giving the required notice, and a defendant timely requests an abatement, the trial court must abate the proceedings for 60 days." *Id*.

---

[1] Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, 2005 WL 1586994 (W.D. Tex.) (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)). Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

The statutory written notice must advise the other party in reasonable detail of "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1), (2); *see Richardson v. Foster & Sear, LLP*, 257 S.W.3d 782 (Tex. App.—Fort Worth 2008, no pet. h.) (finding that a six-page letter from the plaintiff stating the causes of action, specific factual allegations, and specific damages satisfied the presuit notice requirement).

The plaintiff did not satisfy the notice requirement of Section 541.154(a) of the Texas Insurance Code before filing this suit. The Texas Insurance Code specifically states that written notice must be given to a defendant "not later than the 61st day *before* the date the action is filed." TEX. INS. CODE § 541.154(a) (emphasis added).

The plea in abatement is granted. This case is stayed until 60 days after the plaintiff provides Scottsdale with proper written notice under the Texas Insurance Code.

SIGNED on February 9, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

3